%JS 44  (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DUANE JONES, Jr. | NCO FINANICAL SYSTEMS, INC. |

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE  10-22-10

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _PO Box 4243, Allentown, PA_

Address of Defendant: _507 Prudential Road, Horsham, PA 19044_

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases _15 U.S.C. §1692_
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Craig Thor Kimmel_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _10-22-10_     _Craig Thor Kimmel_     _57100_
                     Attorney-at-Law                 Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10-22-10_     _Craig Thor Kimmel_     _57100_
                     Attorney-at-Law                 Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Duane Jones, Jr.                      :          CIVIL ACTION
                        v.            :
NCO Financial Systems, Inc            :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

10-22-10            Craig Thor Kimmel            Duane Jones, Jr
Date                Attorney-at-law             Attorney for

215-540-8888        800-863-1689               Kimmel@CreditLaw.com
Telephone           FAX Number                 E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DUANE JONES JR.,                       )
                                       )
      Plaintiff                  )
                                       )
      v.                         )   **Case No.:**
                                       )
NCO FINANCIAL SYSTEMS, INC.,           )   **COMPLAINT AND DEMAND FOR**
                                       )   **JURY TRIAL**
      Defendant                  )
                                       )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

DUANE JONES JR. ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.    Plaintiff is a natural person residing in Allentown, Pennsylvania.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a national debt collection company with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania, 19044.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect an alleged debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.   The   Fair   Debt   Collection   Practices   Act   ("FDCPA")   is   a
comprehensive statute, which prohibits a catalog of activities in connection with
the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA
imposes civil liability on any person or entity that violates its provisions, and
establishes general standards of debt collector conduct, defines abuse, and provides
for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the
FDCPA declare certain rights to be provided to or claimed by debtors, forbid
deceitful and misleading practices, prohibit harassing and abusive tactics, and
proscribe unfair or unconscionable conduct, both generally and in a specific list of
disapproved practices.

12.   In   particular,   the   FDCPA   broadly   enumerates   several   practices
considered contrary to its stated purpose, and forbids debt collectors from taking
such action. The substantive heart of the FDCPA lies in three broad prohibitions.
First, a "debt collector may not engage in any conduct the natural consequence of
which is to harass, oppress, or abuse any person in connection with the collection
of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false,
deceptive, or misleading representation or means in connection with the collection
of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair
or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

3

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."   15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

4

## FACTUAL ALLEGATIONS

15.    At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a loan.

16.    The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

17.    Beginning in or around October 2009, Defendant constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

18.    Defendant contacted Plaintiff on his home and cellular telephones as well as on his work telephone.

19.    Defendant contacted Plaintiff at his place of employment despite knowing, or having should known, that Plaintiff was not permitted to accept personal calls of this nature at the workplace.

20.    Further, in October 2009, Defendant's employee, Ryan Stevenson, threatened Plaintiff that he would be subjected to wage garnishment if he did not begin making payments on the alleged debt.

21.    Upon information and belief, at the time Defendant threatened to garnish Plaintiff's wages, it had no intention to do so, and in Pennsylvania, an individual's wages cannot be garnished for failure to pay a debt.

22.    Defendant's threats to garnish his wages caused Plaintiff to remit

payments.

23.   Further, Defendant informed Plaintiff that his account was accruing interest, when, upon information and belief, Defendant had no contractual entitlement to seek interest and basis to make such a statement.

24.   Also, Defendant threatened to repossess Plaintiff's belongings when it knew such action could not or would not actually be undertaken by Defendant.

25.   Within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification informing him of his rights to dispute the debt and/or request validation of the debt.

26.   Had Defendant sent written notification to Plaintiff, Plaintiff would have been alerted to his rights instead of being misled, deceived, or harassed into making payments on the alleged debt.

27.   Then, in January 2010, Plaintiff was forced to contact Defendant in order to seek to modify the terms of repayment of the alleged debt.

28.   Most recently, on or about January 29, 2010, Defendant contacted Plaintiff in an attempt to collect the alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

29.   The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector

6

to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2nd Cir. 1996);

<u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA);

<u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2nd Cir. 1993).

30.    The FDCPA is a remedial statute, and therefore must be construed

liberally in favor of the debtor.  <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235

(W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts

interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d

1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in

favor of the consumer."  <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

31.    The FDCPA is to be interpreted in accordance with the "least

sophisticated" consumer standard.  See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168

(11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v.</u>

<u>Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA

was not "made for the protection of experts, but for the public – that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a

false statement may be obviously false to those who are trained and experienced

does not change its character, nor take away its power to deceive others less

experienced."  <u>Id.</u> The least sophisticated consumer standard serves a dual purpose

in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32.   In its actions and methods to collect a disputed debt, Defendant violated the FDCPA in the following ways:

a.   Communicating with Plaintiff in connection with the collection of the alleged debt at an unusual place, or a place known or which should be known to be inconvenient to the consumer, in violation of 15 U.S.C. § 1692c(a)(1);

b.   Engaging in conduct of which the natural consequence is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

c.   Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

d.   Using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e;

e.   Representing or implicating that nonpayment of the alleged debt would result in the seizure and garnishment of Plaintiff's property and wages, in violation of 15 U.S.C. § 1692e(4);

f.   Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

8

g. Using false representation and deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10);

h. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

i. Failing to, within five days after the initial contact with Plaintiff in connection with the collection of the alleged debt, send the consumer a written notice containing any of the following; a statement that unless the consumer disputes the validity of the debt within 30 days of the initial communication the debt will be assumed to be valid, a statement that is the consumer disputes the debt in writing within the 30 day period the debt collector is required to verify the debt, a statement that, upon written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a), 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692g(a)(4), and 15 U.S.C. § 1692g(a)(5).

33.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, DUANE JONES JR., respectfully prays for a judgment as follows:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

c.   Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

e.   Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C

Date:  10-22-10            By: _____

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 10 -

PLAINTIFF'S COMPLAINT